IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CALVIN COOPER,** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 12-7244 |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Defendant. | : | |

Goldberg, J.                                                                                                   December 30, 2013

### MEMORANDUM OPINION

In this Federal Tort Claims Act (FTCA) lawsuit, Plaintiff alleges that his treatment at a veteran's hospital was substandard, causing him significant and permanent injuries. The Government has filed a motion to dismiss raising an issue that has split District Courts, and for which there appears to be no definitive guidance from the Circuit Courts. The issue is: Does Pennsylvania's statute of repose extinguish an FTCA lawsuit where the plaintiff's administrative claim was filed with the appropriate agency within the state repose period (seven years), but the subsequent lawsuit filed in District Court was not.

We conclude that dismissal based on the state repose statute would result in significant impairment to the quick and cost-effective administrative resolution of claims against the United States that is a cornerstone goal of the FTCA. Accordingly, we find that under the circumstances present here, Pennsylvania's statute of repose is preempted by the FTCA's administrative exhaustion requirements.

1

I.      **Factual Background and Procedural History**

According to Plaintiff's complaint, on June 29, 2005, he was treated in the emergency department of the Philadelphia Veteran's Hospital, and given intravenous calcium chloride. Plaintiff alleges that this treatment should not have been administered because he had "known IV access difficulties," and in fact the treatment caused tissue damage to his arm, along with compartment syndrome.[1] As a result, Plaintiff was forced to undergo surgery, and claims "permanent impairments" in the use of his right arm. (Compl. ¶¶ 8-17.)

On June 25, 2007, less than two years later, and in compliance with the FTCA, 28 U.S.C. § 2401(b), Plaintiff submitted an administrative complaint to the Department of Veterans Affairs (VA). The VA acknowledged receipt of the claim on June 29, 2007, and requested additional information. In addition, the VA notice indicated that: "The Federal Tort Claims Act provides that the Agency has six months from receipt of the claim to investigate the claim and either deny or allow the claim, unless an extension beyond six months is granted by Claimant's counsel." According to Plaintiff, what followed was over five years of delay on the part of the VA. (Compl. Ex. A; Pl.'s Opp. Ex. B.)

Specifically, on September 18, 2008, the VA sent Plaintiff's counsel a letter indicating that the claim had yet to be processed because of the "delay in receipt of the requested medical records and the press of my caseload." The letter requested an extension to December 18, 2008, which Plaintiff's counsel granted. (Pl.'s Opp. Ex. C-D.)

On December 18, 2008, the VA sent another letter requesting an extension, this time because "I have this date received an expert medical opinion necessary to complete my

---

[1] Compartment syndrome is a painful condition characterized by abnormally high pressure in the area surrounding the muscles. "Compartment Syndrome," PubMed Health (updated Aug. 11, 2012), http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0002204/.

2

investigation." Plaintiff's counsel again granted the request for a thirty to sixty day extension. (Pl.'s Opp. Ex. E-F.)

The next correspondence between Plaintiff and the VA came about two years later when, on December 28, 2010, Plaintiff's counsel wrote to the VA asking for an update on the status of the claim. The VA responded on December 30, 2010, indicating that "no action was taken to complete my investigation" since 2008, and apologizing for the delay. The letter requested a ninety day extension, and also requested that Plaintiff's counsel submit any expert reports he had obtained. Plaintiff's counsel granted the request for an extension. On July 15, 2011, Plaintiff forwarded an expert report to the VA, and also requested a decision within forty-five days. The letter continued: "In the event we are unable to reach an amicable resolution of this matter, I would ask that you issue a denial in this matter so that we may proceed accordingly." (Pl.'s Opp. Ex. G-J.)

Notwithstanding the forty-five day deadline in counsel's letter, on September 27, 2011, the VA sent Plaintiff's counsel another request for an extension, this time indicating that while Plaintiff's expert report had been forwarded to the VA's expert, the reviewer had not yet been able to discuss the case with his expert. The letter did not specify a length of time for the extension, but simply indicated that the VA hoped to follow up with its expert "in the next few weeks." The letter also included yet another "apology for the delay in investigating this claim." The record does not include a written response to this request from Plaintiff, but on July 17, 2012, the VA issued its final decision denying the claim and advising that the investigation "did not reveal evidence of any negligent or wrongful act or omission." The denial letter stated that Plaintiff had the right to file a lawsuit in federal court "within six (6) months," but also that "[s]ome state laws may limit or bar a claim or law suit." (Pl.'s Opp. Ex. K-L.)

Plaintiff filed suit on December 28, 2012, and the Government responded with this motion to dismiss on March 11, 2013. It now argues that Pennsylvania's statute of repose bars Plaintiff's lawsuit.

## II.     Discussion

### A.     Motion to Dismiss Standard

The FTCA confers jurisdiction on District Courts through 28 U.S.C. § 1346(b)(1), which waives sovereign immunity only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." CNA v. United States, 535 F.3d 132, 145 (3d Cir. 2008). The Government's Rule 12(b)(1) motion amounts to a factual attack on this Court's jurisdiction, because it challenges not merely "an alleged pleading deficiency, but rather the actual failure of [Plaintiff's] claims to comport with the jurisdictional prerequisites" of the FTCA. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). The consequence of this is that Plaintiff bears the burden of establishing jurisdiction, and unlike other familiar motions, no presumptive truthfulness attaches to the allegations in the Complaint. Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In addition, because the court is the "ultimate finder of fact" on jurisdictional questions, evidence outside the pleadings, such as the correspondence between the VA and Plaintiff outlined above, may be considered. S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 343 (3d Cir. 2012).

### B.     The Federal Tort Claims Act

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). Among the cases in which the United States has waived its sovereign immunity are

those falling within the provisions of the Federal Tort Claims Act (FTCA), which provides for jurisdiction in the District Courts over "civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This is the exclusive remedy for persons suffering negligently-inflicted injuries at the hands of an employee of the United States acting within the scope of his or her employment. 28 U.S.C. § 2679(b)(1).

The FTCA contains an exhaustion requirement, which requires a potential claimant to present his claim to the appropriate Federal agency within two years of when it accrues. 28 U.S.C. § 2401(b). Generally, a lawsuit may not be filed in federal court until the agency denies the claim in writing. Id. § 2675(a). Once the denial letter is sent, a claimant must commence a lawsuit within six months. Id. § 2401(b). There is, however, an exception to the rule that a claimant must wait for a final denial letter: "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section." Id. § 2675(a).

C.     **The Parties' Positions**

Pennsylvania has a seven-year statute of repose governing malpractice claims. See 40 Pa. Con. Stat. § 1303.513(a) ("[N]o cause of action asserting a medical professional liability claim may be commenced after seven years from the date of the alleged tort or breach of contract."). Unlike a statute of limitations, which begins to run when a cause of action accrues, a statute of repose "bar[s] any suit that is brought after a specified time since the defendant acted," and thus

5

may bar a claim that has not yet accrued. Black's Law Dictionary 1545 (9th Ed. 2009). A statute of repose "does not merely bar a party's right to a remedy as a statute of limitations does, but it completely abolishes and eliminates the cause of action." Noll v. Harrisburg Area YMCA, 643 A.2d 81, 84 (Pa. 1994).

In its motion to dismiss, the Government notes that if it were a private person, its liability would be subject to Pennsylvania's seven year statute of repose. Because the FTCA provides that the government shall be liable only to the extent of a similarly situated private person, the Government argues that the repose statute should shield it from this lawsuit, which was filed seven-and-a-half years after the date of the injury.

Plaintiff responds that the FTCA includes administrative review requirements that are governed by time limits. Plaintiff argues that enforcement of the statute of repose to bar a claim that otherwise conforms to the time-limits set forth in the FTCA would be inconsistent with the structure and goals of the FTCA. Plaintiff urges that, even if the statute of repose would bar his claim, such bar is preempted by the FTCA's timing provisions. Plaintiff further contends that, even if the statute of repose could be invoked in certain cases to bar an FTCA claim, the Government cannot rely on it here because of the Government's significant delay during the administrative review period.

Several key facts surrounding the parties disagreements are undisputed: (1) Plaintiff filed his administrative claim with the VA within seven years of his injury; (2) Plaintiff complied with both the two-year FTCA statute of limitation for filing an administrative claim, and the six month limitation period for filing a lawsuit in the District Court following a final denial; and (3) Plaintiff's Complaint was filed more than seven years after his injury occurred.

**D.     Preemption**

The Supremacy Clause provides that federal law is "the supreme Law of the Land," U.S. Const., Art. VI, cl. 2, resolving in favor of the federal government all conflicts between it and the States in the realms in which the federal government may properly act. Thus, "state laws are preempted when they conflict with federal law," as when a "state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" Arizona v. United States, 132 S. Ct. 2492, 2501 (2012) (quoting Hines v. Davidowitz, 312 U.S. 52, 67 (1941)). In deciding whether and to what extent a federal statutory scheme preempts state laws, we must "examin[e] the federal statute as a whole and identify[] its purpose and intended effects." Crosby v. Nat'l Foreign Trade Council, 530 U.S. 363, 373 (2000).

The primary purpose of the FTCA was to waive the sovereign immunity of the United States for suits in tort, and to make it liable to the extent of a private person in like circumstances. Millbrook v. United States, 133 S. Ct. 1441, 1443 (2013). The FTCA permitted individuals with meritorious claims to seek redress from the government, and at the same time lifted from Congress the burden of "investigating and passing upon private bills seeking individual relief." United States v. Muniz, 374 U.S. 150, 154 (1963).

But rather than accomplish this purpose by simply allowing a potential claimant to commence a lawsuit in district court, the FTCA, as described above, first requires the claimant to submit a claim to the appropriate administrative agency. The United States Court of Appeals for the Third Circuit has recognized two purposes for the exhaustion requirement. First, agency review helps "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." Tucker v. U.S. Postal Service, 676 F.2d 954, 958 (3d Cir. 1982) (quoting S. Rep. No.

1327, 89th Cong., 2d Sess. 6) (internal quotation marks omitted). Second, the requirement serves the goal of "providing for more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government." Id. (quoting S. Rep. No. 1327, 89th Cong., 2d Sess. 5) (internal quotation mark omitted). Requiring claimants to begin with agency review has benefits for both sides: claims resolved by the Veterans Administration at the agency level are less costly to the Government, and less time-consuming for the claimant. See Government Accountability Office, VA Uses Medical Injury Tort Claims Data to Assess Veterans' Care, But Should Take Action to Ensure That These Data are Complete 10 (Oct. 28, 2011), available at http://www.gao.gov/products/GAO-12-6R (noting that claims resolved administratively are concluded more quickly and cheaply than those resolved in litigation).

After careful consideration of FICA's purposes, we conclude that when a claimant files an FTCA administrative claim with the appropriate agency at a time when the state's statute of repose could not be invoked to bar a similar lawsuit filed in state court, applying the repose statute to bar a later-filed FTCA lawsuit would significantly impede the FTCA's goal of resolving claims through the administrative process. We reach this conclusion for the following reasons.

First, the FTCA envisions a system where the claimant and the agency work collaboratively to review and resolve meritorious claims. Notably, although there is a two-year statute of limitation for filing an administrative claim, and a six-month window in which a claimant must file a lawsuit following the agency's denial of a claim, there is no explicit limit on the amount of time a claimant may spend in the administrative review process. The FTCA does give the claimant the option to file in federal court if the review is not completed in six months,

but this option is expressly open-ended: the claimant may file at "any time thereafter." 28 U.S.C. § 2675(a). Granting the claimant the option of continuing with administrative review when it would be productive (or terminating it after six months if it is not) advances the goal of avoiding unnecessary litigation by promoting settlement of meritorious claims at the agency level.

Conversely, applying a state statute of repose while the parties are negotiating hobbles the statute's administrative review provisions by artificially truncating the process. A claimant faced with a statute of repose that is about to run must abort the administrative process and file a lawsuit in federal court, even if he or she anticipates that another month of negotiation with the agency would produce an amicable—and far less costly—settlement. A state-imposed limit on the amount of time the parties can spend on administrative resolution simply does not square with the FTCA's administrative review provisions. In our view, Congress did not intend for the states to have such significant control over administrative review of federal claims.

Aside from frustrating the goals of the FTCA, holding that Plaintiff's lawsuit is time-barred would also not serve any of the purposes of the statute of repose. Repose statutes "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." 54 C.J.S. Limitations of Actions § 28.  Repose statutes represent a legislative judgment that, at some point, the effect of time so diminishes the likelihood of finding the truth that the defendant's interest in not being called to answer for wrongs long-since forgotten outweighs the interest the plaintiff has in recovering for the harm. For medical malpractice actions, the Pennsylvania legislature has fixed this point at seven years.

Here, the Government was on notice of the claim within two years of the allegedly wrongful conduct. Medical records were obtained, witnesses could have been interviewed, and

experts were apparently consulted. The Government cannot claim it was surprised by Plaintiff's lawsuit, as it was presented with the claim more than five years before the Complaint was filed. It was only through the VA's foot-dragging in the handling of this claim that the case was not filed until more than seven years after Plaintiff suffered his injury.

Indeed, it would also be particularly unfair to apply the statute of repose to Plaintiff's claim. The VA repeatedly asked for—and was granted by Plaintiff's counsel—extensions to complete administrative review. At one point, it appears that the VA forgot about Plaintiff's claim, and did nothing to resolve it for a period of two years. Though there is no reason to conclude that the VA was acting in bad faith, its delay does highlight that application of state statutes of repose under these circumstances might encourage federal agencies to "delay notices of denial in order to allow the statute of repose to extinguish a plaintiff's claim." Kennedy v. U.S. Veterans Admin., 526 Fed. Appx. 450, 458-59 (6th Cir. 2013) (White, J., concurring).

Although Pennsylvania's repose period—seven years—might seem long enough that potential conflict with administrative review would be rare, this is not necessarily the case in other states. In a state with a three year repose statute, for example, see Tenn. Code. Ann. § 29-26-116(a)(3), a claimant who filed his claim with the appropriate agency after two years (as the FTCA allows) would have only one year to commence a lawsuit.[2] It seems obvious, given the

---

[2] The discovery rule, which tolls the FTCA's statute of limitations until a claimant knows or should know of the injury and its cause, United States v. Kubrick, 444 U.S. 111, 120-21 (1979), exacerbates this conflict. For example, a potential malpractice claimant in Pennsylvania who discovers his injury after four years would still have two years to file an administrative claim with the appropriate agency, but only three years remaining in the repose period. If the Pennsylvania statute of repose applied even where the claimant filed an administrative claim within both the FTCA limitation period and the seven-year repose period, this claimant would likely have to cut short the administrative process to make it into federal court on time (by making use of the "deemed denied" provision). In each case that the federal agency failed to offer a resolution of the claim prior to the end of the repose period, this would convert a

complexity of many medical malpractice claims and the process of reviewing and analyzing medical records and conducting interviews, that it might well take more than a year for the agency to review and resolve meritorious claims. Here, for example, the Government's review took over three years, even excluding the two years during which the VA apparently did nothing. When the manifest purpose of the FTCA's agency-review provisions is to resolve claims administratively, allowing a state law to effectively rush the claimant into federal court defeats that purpose.

  We disagree with the Government that the conflict between the FTCA and Pennsylvania's statute of repose is alleviated by the fact that Plaintiff could have complied with both the statutes by taking advantage of the FTCA's "deemed denied" provision. This provision allows a claimant whose claim has gone unresolved by the agency for six months to file in federal court "at the option of the claimant any time thereafter." 28 U.S.C. § 2675(a). However, compliance with both state and federal law need not be impossible for the state law to be preempted (though impossibility does result in preemption, Florida Lime & Avocado Growers v. Paul, 373 U.S. 132, 142-43 (1963)). Preemption occurs where state law stands as a significant impediment to the federal scheme. As explained above, the FTCA grants a claimant the "option," after having waited six months for agency resolution, to take the claim to federal court or continue working with the agency in hopes of an amicable settlement. Applying a state statute of repose to a claim that has already been filed with the agency would, however, significantly limit this option. No longer would the claimant be able to wait until "any time thereafter" to file a

---

potentially fruitful administrative process into little more than a time- and resource-consuming speed bump on the way to litigation.

lawsuit. Instead, the statute of repose, and not the status of negotiations with the federal government, would dictate when the claimant must avail himself of relief in the federal courts.[3]

A review of precedent on this issue reflects that a growing number of courts have reached the same conclusion as we do today. See Blau v. United States, 2013 WL 704762, at *3 (M.D. Fla. Feb. 26, 2013) (holding FTCA pre-empts state statute of repose to the extent it would bar a properly-filed administrative claim); Mamea v. United States, 2011 WL 4371712, at *13 (D. Haw. Sept. 16, 2011) (holding FTCA pre-empts state limitation period whether it "is or is not a statute of repose"); Abila v. United States, 2011 WL 3444166, at *5 (D. Nev. Aug. 8, 2011) (concluding that "[f]ederal law determines the limitations of time within which the action must be brought" and that therefore plaintiff's claim, which complied with FTCA time limits, was not barred by statute of repose); Jones v. United States, 789 F. Supp. 2d 883, 892 (M.D. Tenn. 2011) ("A claimant's claim is extinguished only if the claimant fails to meet the deadlines in § 2401(b), and a state's statute of repose has no effect on the federal claim."); Zander v. United States, 786 F. Supp. 2d 880, 886 (D. Md. 2011) ("The FTCA's statute of limitations . . . allows the plaintiff to file his claim at any time if the administrative agency fails to act on the claim within six months of filing the claim, while the Maryland statute of repose extinguishes the plaintiff's claim in this case, presenting a clear conflict.")

In contrast, the cases cited by the Government provide little support for its position. West v. United States[4] and Kennedy v. U.S. Veterans Administration[5] did both hold that a state statute

---

[3] We do not address whether the statute of repose could be applied to bar a claim that was not filed with the appropriate agency until after the state repose period expired. Courts have applied the repose statute in those cases. See, e.g., Huddleston v. United States, 485 Fed. Appx. 744, 745-46 (6th Cir. 2012) (holding medical malpractice claim filed with agency four years after incident barred by three year statute of repose); Smith v. United States, 430 Fed. Appx. 246, 246 (5th Cir. 2011) (holding medical malpractice claim filed with agency twenty-six years after incident barred by ten year statute of repose). Here, however, Plaintiff's administrative claim was filed in June 2007, when there was still more than five years remaining in the repose period.

of repose barred an otherwise compliant FTCA claim. However, West relied solely on its conclusion that the statute of repose is "substantive," and never considered the question of preemption. Although West cited five cases that "found that state statutes of repose can extinguish FTCA claims," 2010 WL 4781146 at *5, upon closer inspection, none of the cases provide significant support for that proposition. Three of the cases involved situations where the court assumed that a statute of repose applied, and FTCA preemption was not discussed.[6] Of these three, two were cases in which the barred claims were not filed with the appropriate federal agency until *after* the repose period had expired.[7] The remaining two cases cited by the West court are not helpful because those cases did not apply a statute of repose to bar a claim against the Government under the FTCA.[8]

---

[4] 2010 WL 4781146 (S.D. Ill. October 25, 2010).

[5] 2011 WL 6296732 (S.D. Ohio Dec. 16, 2011).

[6] See Anderson v. United States, 2010 WL 1346409, at *3-4 (D. Md. March 30, 2010) (assuming application, and deciding only whether statute was one of limitations or repose), rev'd 474 Fed. Appx. 891 (4th Cir. 2012) (reversing and remanding after Maryland Court of Appeals concluded that the statute at issue was one of limitation, not repose); Vega v. United States, 512 F. Supp. 2d 853, 859-61 (W.D. Tex. 2007) (assuming application, and deciding only whether "the United States retained sufficient control [of the property] to be exempted from the statutory bar"); Manion v. United States, 2006 WL 2990381, at *2-9 (D. Or. Oct. 16, 2006) (assuming application, and only deciding whether Plaintiff's specific claims fell within the statute's scope).

[7] See Vega, 512 F. Supp. 2d at 855-56 (despite 10 year statute of repose, proof of claim filed 25 years after completion of improvement); Manion, No. 3:06-cv-739-HU (D. Or.) (Doc. No. 4-1, Administrative Notice, indicating that despite 10 year statute of repose, improvement complained about was finished approximately 12 years before notice was filed). Also falling into this category is Smith, 430 Fed. Appx. at 247, where the plaintiff received a blood transfusion in 1983, and despite a ten-year statute of repose, did not file his administrative claim until 2008, twenty-five years later. The court easily concluded that the claim was barred. Id.

[8] See Brown v. United States, 514 F. Supp. 2d 146, 149-52 (D. Mass. 2007) (dismissing United States because "no properly instructed jury could conclude that the United States was at any relevant time responsible for the condition" of the road on which the accident occurred, and only applying statute of repose to claim against a private party); Simmons v. United States, 225

13

The <u>Kennedy</u> case suffers from the same limitations, because it relied heavily on <u>West</u> and the cases cited therein. The only new case <u>Kennedy</u> relied upon was <u>Huddleston v. United States</u>, 2011 WL 2489995 (M.D. Tenn. June 22, 2011) but, like <u>Vega</u> and <u>Manion</u>, that case involved a plaintiff who had filed his administrative claim after Tennessee's three-year statute of repose had run. In affirming the <u>Huddleston</u> court's conclusion, the Court of Appeals for the Sixth Circuit explicitly declined to consider whether a state statute of repose would bar an FTCA claim when the plaintiff filed an administrative claim before the statute of repose had run—the same situation we confront. <u>Huddleston</u>, 485 Fed. Appx. at 746. The only other analysis the <u>Kennedy</u> court conducted was to note that Congress included a statute of limitations in the FTCA, but that the statute makes no mention of the statute of repose, with the suggestion being that Congress must have intended state statutes of repose to operate with full force. While Congress's choice of time restrictions is certainly an important consideration, it is not enough to dissuade us from the conclusion that the FTCA pre-empts the repose statute under the circumstances present here. In any event, <u>Kennedy</u> was reversed by the Sixth Circuit, after two judges on a panel of that court concluded that there was no conflict—and thus no need for a preemption analysis—because Ohio's statute of repose did not apply to the plaintiff's claim. <u>Kennedy v. U.S. Veterans Admin.</u>, 526 Fed. Appx. at 455-56.[9]

---

F.R.D. 688, 691 (N.D. Ga. 2004) (disposing of a motion to dismiss filed by private parties, and not concerning the United States).

[9] The third panel member, Judge Helene White, wrote a concurring opinion that addressed the preemption issue and concluded, as we do, that a state statute of repose is preempted to the extent that it would bar a plaintiff whose administrative claim is filed within the repose period. See <u>Kennedy</u>, 526 Fed. Appx. at 457-59. A second concurring opinion by Judge Joseph Hood (who also joined the majority) opined that "Judge White's concurrence articulates in a clear and cogent fashion how preemption doctrine would operate if an actual conflict between state and federal law arose." This suggests that, had the majority not resolved the case on other grounds, at

Applying our legal conclusions to the facts of this case, it is undisputed that Plaintiff filed his claim with the Veterans Administration within the FTCA's two-year statute of limitations, and also within Pennsylvania's seven-year statute of repose. It is further undisputed that Plaintiff filed his Complaint within six months of the final denial of his claim, as the FTCA required him to do. Because the FTCA preempts Pennsylvania's statute of repose to the extent that it would bar a subsequent lawsuit on an administrative claim filed within the repose period, the fact that Plaintiff's complaint was filed more than seven years after the date of Plaintiff's injury is immaterial. Plaintiff's Complaint complied with the time limitations of the FTCA, and is therefore timely.

### III. Conclusion

We conclude that once a claimant has filed an administrative claim within any applicable state repose period, the FTCA preempts further application of that repose statute to bar a lawsuit filed after the administrative claim is denied. Because Plaintiff complied with the FTCA and applicable state deadlines for filing his claim, the Court has jurisdiction. The Government's motion to dismiss will therefore be denied.

An appropriate order follows.

---

least two members of the panel would have decided the preemption issue differently than the district court decision that the Government relies on here. Id. at 459 (Hood, J., concurring).